UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:04-CR-35 |
| | ) | |
| | ) | |
| ROGER DALE FLEENOR | ) | |

**O R D E R**

This criminal case is before the Court on the defendant's objections to the presentence investigation report. The defendant objects the conclusion of the United States Probation Office in the presentence investigation report that the defendant is subject to the 15 year minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 *U.S.C.* § 924(e), insisting that there are insufficient predicate violent felony offenses.

The defendant was convicted of armed robbery in Sullivan County, Tennessee on June 23, 1977. On February 21, 1992, the defendant was convicted of arson and breaking and entering in Washington County, Virginia, and on March 29, 1989, the defendant was convicted of two counts of criminally negligent homicide in Tompkins County Court, Ithaca, New York. The defendant argues that the Washington County, Virginia felony convictions can count as only one predicate conviction because they were committed on the same occasion, and that the two counts of criminally negligent homicide likewise may only count as one predicate offense because they occurred on the same

occasion.  The government agrees that convictions for conduct occurring on the same occasion may only count as one predicate conviction for  purposes of the ACCA. Accordingly, the only issue before the Court is the defendant's argument that the criminally negligent homicide convictions do not qualify as violent felonies under the ACCA.

The defendant concedes that the armed robbery conviction and either the arson or breaking and entering convictions together count as two predicate felonies under the ACCA.   If the Court were to determine that the criminally negligent homicide convictions do not qualify as a violent felony, the defendant would only have two predicate offenses under the ACCA, and thus, the defendant would not be subject to the minimum 15 year sentence dictated by the ACCA.

18 *U.S.C.* § 924(e)(1) states, in pertinent part:

(B)     the term "violent felony" means any crime punishable by
          imprisonment for a term exceeding one year,  . . . that –

(i)     Has an element the use, at tempted  use, or
threatened use of physical force against the person of another;
or
(ii)     is burglary, arson, or extortion, the use of
explosives, or otherwise involves conduct that presents a
serious potential risk of physical injury to another . . .

(emphasis added)

Chapter 40, Article 125.10 of the Laws of New York, the criminally negligent homicide statute to which the defendant entered a plea of guilty, provides that

"a person is guilty of criminally negligent homicide when, with criminal negligence, he

causes the death of another person." Because this statute does not have as an element the

use, attempted use, or threatened use of force, criminally negligent homicide does not fall

within 18 *U.S.C.* § 924(e)(2)(B)(i). Likewise, criminally negligent homicide is not one

of the crimes specifically included in 18 *U.S.C.* § 924(e)(2)(B)(ii). Thus, the Court must

determine whether criminally negligent homicide is a "violent felony" because it

"otherwise involves conduct that presents a serious potential risk of physical injury to

another." 18 *U.S.C.* § 924(e)(2)(B)(ii).

        The Sixth Circuit has recently addressed the issue of whether attempted

involuntary manslaughter was a "violent felony" for purposes of the ACCA. The Court

finds that the reasoning of the Sixth Circuit in *United States v. Zabawa*, 2005 W.L.

1386485, 134 Fed. Appx. 60 (June 7, 2005) applies equally to this case. In *Zabawa*, the

Court dealt with the issue of whether a Michigan conviction for attempted involuntary

manslaughter is a "violent felony" for purposes of the ACCA. In Michigan, involuntary

manslaughter is defined as:

> The killing of another without malice and unintentionally, but
> in doing some unlawful act not amounting to a felony nor
> naturally tending to cause death or bring bodily harm, or in
> negligently doing some act lawful in itself, or by the negligent
> omission to perform a legal duty."

The Court held that "because involuntary manslaughter in Michigan requires death to be

the proximate result of the defendant's unlawful conduct, it is a "violent felony" under §

924(e)'s "otherwise" provision.

Like the Michigan involuntary manslaughter statute, the New York statute for criminally negligent homicide requires death to be the proximate result of the defendant's criminal negligence. Accordingly, it is clear to the Court that the defendant's two convictions for criminally negligent homicide on the same occasion in New York, qualify as one predicate "violent felony" offense for purposes of the ACCA. Therefore, the defendant having conceded that he has two violent felony convictions other than the criminally negligent homicide convictions, the defendant has the three predicate offenses required by the ACCA, and is thus subject to the 15 year minimum sentence required of the ACCA.

It is hereby **ORDERED** that the defendant's objection to the presentence investigation report is **OVERRULED**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE